Commonwealth *v.* Mumich, Appellant.

Submitted November 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Thomas M. Reese*, for appellant.

*Edward S. Newlin*, Assistant District Attorney, and *Amos C. Davis*, District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., March 29, 1976:

Appellant, Andrew Mumich, was charged with fornication and bastardy under the old Penal Code.[1] He was found guilty following a non-jury trial and sentenced to pay the costs of prosecution as well as $15.00 a week commencing with the birth of the child.

---

1. Act of June 24, 1939, P.L. 872, §506, *as amended*, 18 P.S. §4506 (1963).

The only issue raised on appeal is whether appellant was denied his right to a prompt trial under Pa.R.Crim.P. 1100. The first criminal complaint in this case was executed by the prosecutrix on October 9, 1973. At appellant's preliminary arraignment, however, on May 18, 1974, Magistrate Denver K. Ake dismissed the complaint and discharged appellant on the basis that the signature of the prosecutrix-affiant did not appear on the defendant's copy of the complaint. Within a month, on June 20, 1974, a second complaint was filed by the prosecutrix before a Magistrate Miller. Prior to trial a motion was filed by appellant to dismiss the indictment because trial had not commenced within 270 days from the filing of the *first* complaint on October 9, 1973. The court below conducted a hearing and found no violation of Rule 1100 because it computed the 270 days to run from the filing of the *new* complaint on June 20, 1974. Trial was held on January 30, 1975, well within the 270-day limit from the date of the new complaint.

The Rules of Criminal Procedure provide that at the preliminary arraignment the magistrate shall deliver a copy of the complaint to the defendant. Pa.R.Crim.P. 140. Yet Rule 132 dictates that the complaint *shall* contain the signature of the affiant. Rule 150 sets forth the procedure to be followed when defects are found in a complaint.

"Rule 150. Defects in Complaint, Citations, Summons or Warrant

(a) Informal Defects:

No person arrested under a warrant or appearing in response to a summons or citation shall be discharged from custody nor shall any case be dismissed because of any informal defects in the complaint, citation, summons or warrant, but the complaint, citation, summons or warrant, may be amended at any time so as to remedy any such informality.

(b) Substantive Defects:

If a complaint, citation, summons or warrant contains a substantive defect, the defendant shall be discharged unless he waives the defect. Nothing in this rule shall prevent the filing of a new complaint or citation and the issuance of process in which the defect is corrected in a proper manner."

Rules 114 and 115 adopted Jan. 31, 1970, effective May 1, 1970; renumbered as Rule 150 and amended Sept. 18, 1973, effective Jan. 1, 1974.

There is little authority as to what constitutes an "informal" defect as opposed to a "substantive" defect and it might well be argued that the defect in the complaint in the present case was informal rather than substantive. In that situation, the complaint could have been amended to remedy the defect and there was no need to discharge appellant if the defect was merely informal. However, the record fails to show any objection by appellant or his attorney to the dismissing of the complaint because of the defect. We interpret this as an acquiescence in the procedure employed by the magistrate. Under these circumstances, the appellant may not now change directions and attempt to take advantage of a ruling he in no way opposed. *Cf.*, *Commonwealth v. Hickson*, 235 Pa. Superior Ct. 496, 344 A.2d 617 (1975). Perhaps appellant was content with the dismissal of the charges and envisioned an amicable settlement of the matter, without resort to criminal prosecution. However, we are an appellate court and should confine our attention to the record developed in the lower court without speculation as to what probably happened. Moreover, the record does not reflect any impropriety by the district attorney's office in this case to avoid the mandate of Rule 1100. In fact, the record indicates that the prosecutrix was represented by a private attorney and *not* the district attorney's office at this stage of the proceedings which would not be uncommon in a bastardy case.

Under these circumstances, especially where no objection was voiced, we are satisfied that the magistrate acted within his discretion in dismissing the complaint and discharging appellant. According to Rule 150(b) there is nothing improper with filing a new complaint. We read Rule 1100 on prompt trial as applying to complaints properly filed and not to defective complaints that are dismissed. Therefore, we conclude that trial commenced in the present case within the time limits set forth by Rule 1100.

Judgment affirmed.

DISSENTING OPINION BY SPAETH, J.:

Whether a speedy trial was denied depends on whether the 270 day period is computed from the date of the filing of the first complaint, or of the second.

The majority computes the period from the date of the filing of the second complaint, reasoning that the first complaint was properly dismissed. In my view, it was not.

Pa.R.Crim.P. 150 (a) states in relevant part:

"No person arrested under a warrant or appearing in response to a summons or citation shall be discharged from custody nor shall any complaint be dismissed because of any informal defects in the complaint ..., but the complaint ... may be amended at any time so as to remedy such informality."

Here, although the prosecutrix signed the original complaint in the presence of a magistrate, her signature failed to penetrate to the copy with which the defendant was served. Such a defect was informal; there was never any question of the genuineness of the complaint or the identity of the prosecutrix.

The majority's reliance on Pa.R.Crim.P. 150 (b) seems to be mistaken. That rule applies only where the complaint "contains a substantive defect."

What probably happened in this: By the time the second complaint was filed, at least 244 days had elapsed, and still no preliminary hearing had been held. It was therefore evident that it might be difficult to hold the trial within 270 days. The proper procedure was for the district attorney to request an extension. Pa.R.Crim.P. 1100 (c). The dismissal of the first complaint was in effect a circumvention of that procedure, and should not be countenanced.

The majority states: "[T]he record fails to show any objection by appellant or his attorney to the dismissing of the complaint because of the defect. We interpret this as an acquiescence in the procedure employed by the magistrate." Majority opinion at 212. I cannot accede to this statement. Either the complaint was properly or improperly dismissed. The majority's computation of the 270 day period is premised on the conclusion that it was properly dismissed. If it was, appellant cannot be said to have "acquiesce[d]" because he did not insist upon proceeding on a defective complaint. If, however, as I believe, the complaint was improperly dismissed, still there was no acquiescence. The impropriety arose because the district attorney was attempting to circumvent appellant's right to a speedy trial. Appellant's only obligation was to file a timely motion to protect that right, and he did. *Cf. Commonwealth v. Shelton,* 239 Pa. Superior Ct. 195, 361 A.2d 873 (1976).

I would discharge appellant.