381 A.2d 972

**COMMONWEALTH of Pennsylvania**

v.

**Sebron DANDY, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided Dec. 28, 1977.

388

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, Sebron Dandy, Jr., files the instant direct appeal following trial, denial of post-trial motions, and sentencing on a theft charge. He raises several claims of error on appeal, including an argument that Rule 1100 of the Rules of Criminal Procedure,[1] concerning prompt trial was violated in this case. We are constrained to agree.

The record shows that appellant was arrested and charges filed on June 3, 1975. On June 9, 1975, he was afforded a preliminary hearing. On June 16, 1975, the appellant filed a motion to quash the magistrate's return and requested that presentment of his case to the grand jury be stayed pending a determination on his motion. On July 22, 1975, the motion to quash was denied. Trial was scheduled for October 16, 1975, but for some reason not readily apparent on the record, was not held. It was scheduled again for November 20, 1975, but was "not reached with both sides ready." The trial was again rescheduled, this time to January 8, 1976. Trial actually commenced on that date, a period of 219 days

1. Rule 1100, which mandates that trial must commence no later than one hundred and eighty (180) days from the date on which the criminal complaint is filed, also provides, *inter alia*:

   (c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

   (d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

   (1) the unavailability of the defendant or his attorney;

   (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded;

after June 3, 1975, the date on which the complaint was filed.

■ Rule 1100 required that the trial in this case commence within 180 days of the date on which the complaint was filed, or by December 1, 1975. Just prior to trial on January 8, 1976, the appellant's counsel requested a continuance so that he could file a formal motion to dismiss the indictments. While appellant admits that he did not file a written Rule 1100 motion, he claims that he relied upon a then effective Philadelphia Common Pleas Court Rule, Bulletin No. 75–295, which had been issued by the Court Administrator for the Court of Common Pleas of Philadelphia County, which provided, *inter alia* :

C. When the defendant presents an oral motion for dismissal under Rule 1100 at time of trial, the procedure will be as follows:

1. Defendant is to be given a regular continuance date for trial.

2. He is to be instructed to file the written petition for dismissal under the Rule forthwith.

3. He is to include in the petition the new date set for trial.

4. Defendant is to be instructed that the granting of this continuance is for the sole purpose of allowing him to file a written motion and the running of the Rule will be tolled for the period of time involved in the continuance.

In view of the existence of that local rule, since changed, we do not deem appellant to have waived his Rule 1100 contentions.[2]

The lower court permitted the defense and prosecution to present their arguments with respect to Rule 1100. The appellant's request for dismissal was denied and the matter

---

2. As was noted, appellant sought the continuance, in accordance with the local rule, so that he could submit a written Rule 1100 motion. The court denied the continuance. It would not be fair in these unique circumstances to hold the issue to have been waived, due to the lack of a written motion, which however, would be required in the normal circumstances. See Pa. Rules of Criminal Procedure 304 and 1100(f).

proceeded to trial. The appellant properly renewed his Rule 1100 claim in post trial motions following conviction, and has renewed the same contention in this appeal.

The Commonwealth argues that the time period between June 16, 1975 and July 22, 1975, a period of thirty-six days, should be excluded from the running of the 180 days, as appellant's motion to quash the magistrate's return resulted in a stay of all proceedings during that time period. Further, the prosecutor asserts that this initial delay caused an additional thirty-four day delay before appellant's case could be presented to the grand jury on August 25, 1975. The merits of such contentions are not relevant however, as the Commonwealth never sought an extension of the 180 day period prior to the last date for trial under Section 1100(c) of the Rule. See *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). While under Section (d) of the Rule, various time periods may be excluded from the 180 day period, if due to the unavailability of the defendant or his counsel or if due to defense continuances in excess of thirty days, such exclusions are not proper in the instant case for two reasons. First, the Commonwealth never argued defense caused delays in the argument before the lower court on appellant's Rule 1100 motion. Rather, the Commonwealth only noted that there had been delays, because although both sides were prepared, the court had not reached the case on prior scheduled dates for trial. Such circumstances may be cause to grant an extension of the period upon timely request by the Commonwealth under Rule 1100(c), but provide no basis for excluding periods of time under the provisions of Rule 1100(d). Second, the Commonwealth's contention must fail because the record provides no support for the claim that some seventy days of delay are attributable to appellant and should be excluded from the running of the time limit under the Rule. The only defense requested delay of any sort was the thirty-six day period when appellant requested and obtained a stay of proceedings while challenging the magistrate's return. Only the final six days of this period may be charged to appellant

under Rule 1100(d). The additional period of thirty-six days between the dismissal of the above-described defense challenge and the Commonwealth's scheduling of presentment of charges to the grand jury cannot be charged to appellant. Trial commenced some thirty-nine days after the 180th day, and since only six days would properly be excludable, the Commonwealth's claims under Rule 1100(d) provide no support for the lower court's refusal to dismiss the charges upon appellant's application.

Judgment of sentence reversed and appellant discharged.

PRICE, J., dissents.