386 A.2d 144

**COMMONWEALTH of Pennsylvania**

v.

**Walter LOWE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided April 28, 1978.

John W. Packel, Assistant Public Defender and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The six Judges who decided this appeal being equally divided, the judgment of sentence is affirmed.

PRICE, J., files an opinion in support of affirmance in which JACOBS, President Judge, and VAN der VOORT, J., join.

HOFFMAN and CERCONE, JJ., dissent.

SPAETH, J., dissents. *Commonwealth v. Braithwaite*, 253 Pa.Super. 447, 385 A.2d 423 (dissenting opinion by SPAETH, J., filed 4/13/78.)

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

#### OPINION IN SUPPORT OF AFFIRMANCE

PRICE, Judge:

On September 18, 1975, appellant was arrested when he was discovered removing a radiator from an unoccupied structure, owned by the Department of Housing and Urban

Development, at 925 W. Seltzer Street, Philadelphia. At his preliminary arraignment on that same date, a complaint was filed charging appellant with burglary,[1] attempted burglary,[2] theft,[3] and conspiracy.[4] A preliminary hearing, scheduled for September 24, 1975, was continued because the arresting officer was unavailable. On October 29, 1975, appellant was dismissed and the pending charges were dropped.

A second complaint, charging the same offenses, was filed on December 30, 1975. A trial date was ultimately set for April 19, 1976. On that day, the Commonwealth was prepared for trial, but appellant's counsel appeared and requested a continuance so that a motion to dismiss for failure to comply with Pa.R.Crim.P. 1100(a)(2)[5] could be prepared. The motion to dismiss, filed on May 27, 1976, was denied on June 1. Appellant was found guilty after a non-jury trial of theft by unlawful taking. Oral post-verdict motions were denied, and appellant was sentenced to serve two years probation and to pay $200.00 restitution.

Considering appellant's Rule 1100 assertion in post-trial motions,[6] Judge Klein found that the 180 day period began to run from the filing of the second complaint on December 30, 1975. However, Judge Klein ruled that the 180 day interval should be shortened by 41 days, the period of time during which charges were pending against appellant under

1. 18 Pa.C.S. § 3502.

2. 18 Pa.C.S. § 901.

3. 18 Pa.C.S. § 3921.

4. 18 Pa.C.S. § 903.

5. Pa.R.Crim.P. 1100(a)(2) provides:
   "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

6. Judge Blake, the judge who ruled on appellant's Rule 1100 motion, did not file an opinion. Judge Blake ruled that trial had to commence by July 12, 1976. Thus, he apparently found that the 180 day period should run from the second preliminary arraignment, January 14, 1976, rather than from the filing of the second complaint.

the first complaint.[7] Thus, under this reasoning, the Commonwealth had until May 17, 1976, to bring appellant to trial, well after appellant's requested continuance to file a motion to dismiss under Rule 1100 on April 19, 1976.

Appellant's sole contention on this appeal is that the lower court erred in failing to hold that the 180 days runs from the filing of the first complaint, later dismissed, rather than the second, and that the period should not be tolled by appellant's discharge for lack of prosecution at the preliminary hearing.[8]

We find this case to be controlled by our holding in *Commonwealth v. Mumich*, 239 Pa.Super. 209, 361 A.2d 359 (1976).[9] There, we determined that Rule 1100 did not begin

7. Forty-one days passed between September 18, 1975, appellant's preliminary arraignment, to October 29, 1975, appellant's preliminary hearing at which he was discharged.

8. The record indicates "Discharged" as the disposition of the case at the preliminary hearing. That notation is followed by three letters which appear to be "LOP", apparently noting "lack of prosecution" as the cause of the discharge. Appellant acknowledges that lack of prosecution was the cause of discharge and states, "Appellant is mindful that his discharge was based on a lack of witnesses." (Appellant's brief at 9).

9. This case is not affected by the supreme court's recent decision in *Commonwealth v. Earp*, 476 Pa. 369, 382 A.2d 1215 (1978). There, a juvenile, subsequently certified to stand trial as an adult, was charged with murder, conspiracy, and several related offenses arising out of a single incident. At the preliminary hearing the murder and conspiracy charges were dismissed when the Commonwealth failed to establish a prima facie case. The appellant was held on the other charges. He was later arrested under a subsequent warrant charging murder and conspiracy in connection with the same incident. Appellant filed a Rule 1100 motion to dismiss all charges 262 days after the first arrest. The lower court granted the motion on all charges but murder and conspiracy. In so doing, the court held that Rule 1100's prescribed period would run from the later arrest and that 180 days had not elapsed between the time of the second arrest and the filing of the motion to dismiss. The supreme court vacated the judgment of sentence and ordered the appellant discharged saying, "Appellant was held in continuous custody on the other offenses for the entire period in which he could have been brought to trial. The dismissal of the murder and conspiracy charges did not relieve the Commonwealth of its obligation to bring the proceedings against appellant to trial, for the charges arising out of the criminal transaction were still pending against appellant." *Id.*, 476 Pa. at 377, 382 A.2d at 1219.

to run from the filing of the first defective complaint, later dismissed, but rather from the date of a second complaint. Moreover, we focused on two considerations in determining whether Rule 1100 should run from a first or subsequent complaint in a given case: first, whether the first complaint was properly dismissed, and second, whether the record reflected any attempt by the district attorney's office to avoid the mandate of Rule 1100.

■ In the instant case, there appears of record no objection by appellant or his counsel to the dismissal of the charges. Clearly, appellant remained subject to rearrest and new prosecution. *Commonwealth v. Hetherington*, 460 Pa. 17, 331 A.2d 205 (1975); *Riggins Case*, 435 Pa. 321, 254 A.2d 616 (1969).

■ The second question is whether the record reflects any impropriety by the Commonwealth to circumvent Rule 1100. In *Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d 174 (1976), the supreme court found that where the prosecution moved for a nolle prosequi 268 days after the appellant's arrest, two days prior to the expiration of the applicable 270 day period,[10] the lower court acted properly in dismissing all charges under Rule 1100. The salient factors in the case were that the time for trial under Rule 1100 was so close to expiring and that a second complaint was filed two months after the nolle prosequi was entered, which indicated that the Commonwealth had acted to circumvent Rule 1100.

In *Mumich, supra*, we found no indication of record that the Commonwealth was attempting to evade Rule 1100.

The court specifically left open the question which we now address: "We need not decide the effect of a complete dismissal on all charges arising out of a criminal transaction upon the speedy trial rule." *Id.*, 476 Pa. at 374, n. 4, 382 A.2d at 1217, n. 4.

**10.** Both the *Mumich* and *Whitaker* cases were controlled by Pa.R. Crim.P. 1100(a)(1):

"Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

Unlike *Whitaker*, in the instant case there is no reflection in the record that the Commonwealth was acting in bad faith in dismissing the first complaint against appellant. Furthermore, appellant concedes that the discharge was due to the Commonwealth's inability to produce witnesses. Therefore, we would hold, as did the lower court, that Rule 1100 ran from the filing of the second complaint.

We find that the lower court clearly erred in calculating the time that the first complaint was pending and in charging that time against the Commonwealth. In so doing, the lower court reasoned that during that period appellant was in jeopardy. Rule 1100(a)(2) contemplates the commencement of the running of the mandatory period at the point criminal proceedings are initiated. When the original charges against appellant were dismissed on October 29, 1975, the proceedings were terminated. Once the charges were dismissed, the Commonwealth was required to initiate a new prosecution against appellant, if it so chose. Because no charges were then pending against appellant, it could not be claimed that the first complaint resulted in "disrupt[ing] his employment, drain[ing] his financial resources, curtail[ing] his associations, subject[ing] him to public obloquy . . . [or] creat[ing] anxiety in him, his family . . . [or] his friends." *United States v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971). Any of those potential results of being subject to criminal charges dissipated with the original complaint's dismissal. In addition, none of the charges in the original complaint culminated in trial. Therefore, speedy trial rights which attached with the first complaint's filing were permanently severed by appellant's discharge.

Thus, although we find that the result reached by the lower court was correct, its reasoning was only partially so. The Commonwealth had 180 days after the filing of the second complaint to bring appellant to trial under Pa.R. Crim.P. 1100(a)(2), and no time prior to the filing of the second complaint should have been charged against the Commonwealth. Thus, we would hold that the trial's com-

mencement on June 22, 1976, was well within the appropriate time period, and we would affirm the judgment of sentence.

JACOBS, President Judge, and VAN der VOORT, J., join in this opinion.