390 A.2d 208

COMMONWEALTH of Pennsylvania

v.

Roger Lee GARBETT, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 22, 1976.

Decided July 12, 1978.

Karl Baker, Assistant Defender, Philadelphia, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted of attempted burglary and was sentenced to six to twenty-three months imprisonment. He

now argues that his petition to dismiss the indictment pursuant to Rule 1100(f) of the Pennsylvania Rules of Criminal Procedure should have been granted, and that he should therefore be discharged.

On July 25, 1975, a criminal complaint was filed against appellant, and he was arrested and charged with attempted burglary and possession of an instrument of crime. On July 26 he was arranged, and on July 28 the preliminary hearing was held. At the hearing the charges were dismissed, and appellant was discharged. On August 18 a second criminal complaint, based on the same criminal episode as the first, was filed against appellant. On November 6 was rearrested. This time at the preliminary hearing appellant was held for the grand jury, which later indicted him; trial was set for January 28, 1976. On January 28 appellant received permission from the court to file a petition to dismiss under Rule 1100. The petition was filed the next day.

At the hearing on the petition, on February 3, appellant argued that the 180 day period had started to run with the filing of the first complaint, and that therefore he should have been brought to trial by January 21. The district attorney made no counterargument. The court specifically found that the period started to run on the date of appellant's rearrest; the court further found that the continuance requested by appellant on January 28, when appellant had requested and received permission to file a petition under Rule 1100, represented an excludable period of thirteen days. The court therefore concluded that the run date for commencement of trial was May 17, 1976.[1] Accordingly appellant's petition to dismiss was denied.

Appellant had also filed a motion to suppress evidence. On February 10 the motion was denied, and on appellant's request the case was continued to March 23 to allow appellant to bring in a witness. However, on March 23 the case

1. The date should have been May 4, since the 13 day continuance was not an excludable period under Rule 1100 because it was less than 30 days. Rule 1100(d)(2).

had to be continued again because appellant had not been brought to court from the prison. On May 3[2] trial commenced. Appellant was found not guilty of possession of an instrument of crime but guilty of attempted burglary.

Appellant's counsel orally presented post-verdict motions for a new trial and in arrest of judgment. One of counsel's arguments was that the court had erred in denying the Rule 1100 petition.[3] In response, the Commonwealth relied on the court's earlier determination that the 180 day period had started to run on appellant's rearrest. The post-verdict motions were denied, and this appeal followed.

–1–

█ It is beyond argument that the period for trial must be measured from the date on which the written complaint is filed.[4] *See, e. g., Commonwealth v. Kemp*, 245 Pa.Super. 294, 369 A.2d 410 (1976). Appellant argues that here that means, from the date on which the first complaint was filed, not the second.[5]

In appraising this argument we have found the controlling case to be *Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d

2. That is, one day within the 180 day period, if the period is computed from appellant rearrest. *See* n. 1 *supra*.

3. Counsel also argued that the court had erred in denying appellant's motion to suppress identification testimony. This issue is also raised to us but because of our disposition of the Rule 1100 claim, we need not decide it.

4. Rule 1100 provides:
   Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days *from the date on which the complaint is filed.* (Emphasis added.)

5. The Commonwealth argues that appellant has waived his right to make this argument because no written post-verdict motions were filed. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). Pa.R.Crim.P. 1123(a). However, the argument was made incident to appellant's oral post-verdict motions, which were made on the record at the conclusion of trial; it is therefore preserved. Pa.R.Crim.P. 1123(b). *Commonwealth v. Kinsey*, 249 Pa.Super. 1, 375 A.2d 727 (filed 6–29–1977); *Commonwealth v. Erhart*, 248 Pa.Super. 481, 375 A.2d 342 (filed 6–29–1977) (concurring opinion by HOFFMAN, J., in

174 (1976).[6]  There the Commonwealth was granted permission to file a *nolle prosequi* two days before the time period prescribed by Rule 1100.  Two months later the Commonwealth filed a motion to vacate the *nolle prosequi*.  The defendant joined the Commonwealth's motion, and filed a motion to dismiss alleging that his right to a speedy trial under Rule 1100 had been violated.  The Commonwealth argued that

which CERCONE and SPAETH, JJ., joined).  However, appellant has also argued that even if the period began to run from the date on which the second complaint was filed, his right to a speedy trial was violated.  This argument was not made incident to appellant's oral post-verdict motions.  Because of our disposition of appellant's argument that the prescribed period ran from the filing of the first complaint it is not necessary for us to consider this alternative argument—either whether it has been waived, or on its merits.  *But see* n. 10, *infra*.

**6.**  This case is not controlled by our decision in *Commonwealth v. Mumich*, 239 Pa.Super. 209, 361 A.2d 359 (1976).  In *Mumich* the first complaint was dismissed and the defendant was discharged because the prosecutrix-affiant's signature did not appear on the defendant's copy of the complaint.  A second complaint filed by the prosecutrix-affiant resulted in the defendant's conviction.  The defendant argued that the period prescribed by Rule 1100 ran from the filing of the first complaint.  The disposition of this argument turned on whether the magistrate had acted within his discretion in dismissing the complaint and discharging appellant under Pennsylvania Rule of Criminal Procedure 150.  The Rule provides that "no person . . . shall be discharged . . . because of any informal defects in the complaint . . . but the complaint, . . . may be amended."  Pa.R.Crim.P. 150(a).  However, where the defect is substantive the defendant must be discharged but another corrected complaint may be filed.  Pa.R.Crim.P. 150(b).  Because there was no objection by appellant or his counsel to the dismissal of the complaint this court treated the defect as if it were substantive.  *But see Commonwealth v. Mumich*, 239 Pa.Super. 209, 213, 361 A.2d 359, 361 (1976) (dissenting opinion by SPAETH, J.).  In concluding we stated:

We read Rule 1100 on prompt trial as applying to complaints properly filed and not to defective complaints that are dismissed.  Therefore, we conclude that trial commenced in the present case within the time limits set forth by Rule 1100.  *Id.* at 213, 361 A.2d at 361.

In the present case no defect is involved.  *See Commonwealth v. Braithwaite*, 253 Pa.Super. 447, 385 A.2d 423 (J. 1283/77) (dissenting opinion by SPAETH, J., 1978).  The complaint here was dismissed because the preliminary hearing was scheduled less than three days after appellant's preliminary arraignment.  Pa.R.Crim.P. 140(f)(1).

the entry of a *nolle prosequi* on motion of the district attorney and with approval of the court tolls the running of the . . . time period specified by Rule 1100 so long as no violation of a defendant's right to a speedy trial, as that right is defined in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 . . . (1972) has occurred, and so long as relevant statutes of limitations have not expired. *Id.* at 439, 359 A.2d at 175.

The Supreme Court explicitly declined to adopt this reasoning:

The test mandated by Rule 1100 is the only test to be applied in Pennsylvania to determine a speedy trial claim. It was not meant to be applied in addition to *Barker's* "balancing test." It represents this Court's determination that the "balancing test" . . . provides only the "minimum standards guaranteed by the Sixth and Fourteenth Amendments," and that such minimum standards are not adequate to provide Pennsylvania criminal defendants the protection guaranteed by the Constitution of this Commonwealth. See Pa.Const. Art. I, Sec. 9. *Id.,* 467 Pa. at 442, 359 A.2d at 176.

In conclusion the Court stated:

Stripped of its Latin label, the prosecution's motion for a *nolle prosequi* . . . was simply an effort to gain an extension of the time period during which it was required to bring [the defendant] to trial. This they attempted to do without complying with Rule 1100(c). . . . The consequence of violation of Rule 1100 is discharge. Only in this way can the accused's right to a speedy trial be effectively protected. *Id.,* 467 Pa. at 443, 359 A.2d at 177.

Similarly we hold that here the Commonwealth could not extend the period for trial by filing the second complaint. At appellant's first preliminary hearing the charges were dismissed because the hearing judge found that the hearing had been scheduled less than three days

after the preliminary arraignment. Pa.R.Crim.P. 140(f)(1).[7] Evidently the Commonwealth did not seek a continuance pursuant to Rule 142, which provides that "[t]he issuing authority may, for cause shown, grant a continuance . . ." Instead the Commonwealth filed a second complaint. Whether the Commonwealth's failure to seek a continuance was an oversight, or a reasoned tactical maneuver as in *Whitaker*, does not matter. It is clear from *Whitaker* that in determining whether there has been a violation of the defendant's right to a speedy trial, "[t]he test mandated by Rule 1100 is the only test to be applied." *Id.*, 467 Pa. at 442, 359 A.2d at 176. Thus the Commonwealth's motive is immaterial. Here appellant was subjected to the same harm as was the defendant in *Whitaker*—an extended period within which he could be prosecuted.

■ Accordingly, in ruling on appellant's Rule 1100 claim, we must proceed from the premise that the period for trial is to be measured from the date on which the first complaint was filed.

–2–

To recall the facts: The first complaint was filed on July 25, 1975. Appellant should therefore have been brought to trial within 180 days, that is, by January 21, 1976. Instead, trial was set for January 28.

7. Although appellant suggests in his brief that the preliminary hearing summary sheet does not show the reason for discharge, Brief at 12, that is not the case. The hearing judge noted in the space designated "Preliminary Hearing Disposition" that appellant was discharged due to a "[v]iol[ation] of Rules of Crim[inal] Procedure—Hearing less than 3 days." Rule 140 provides in part:

(f) When a preliminary hearing is not waived, the issuing authority shall:

(1) fix a day and hour for a preliminary hearing which shall not be less than three nor more than ten days after preliminary arraignment unless extended for cause shown, unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with the consent of the complainant and the attorney for the Commonwealth;

As mentioned above, in stating the case, appellant was arraigned on July 26 and his preliminary hearing was set for July 28.

In *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), our Supreme Court stated that all delay beyond the mandatory period " '. : . must either be excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)], if the Commonwealth is to prevail.' " *Id.*, 469 Pa. at 14, 364 A.2d at 697, quoting *Commonwealth v. O'Shea*, 465 Pa. 491, 495, 350 A.2d 872, 874 (1976). Here, at no time did the Commonwealth file a petition requesting an extension of time. Pa.R.Crim.P. 1100(c). Therefore, in order to find that appellant's petition to dismiss was properly denied it must appear that there was sufficient delay excludable under paragraph (d) of the Rule, which provides:

> In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
>
> (1) the unavailability of the defendant or his attorney;
>
> (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded.

Since no continuance in excess of 30 days was granted at the request of appellant, no exclusion is possible under subparagraph (d)(2). We must therefore consider whether appellant was unavailable within the meaning of subparagraph (d)(1).

The comment to Rule 1100 states:

> For purposes of subparagraph (d)(1), in addition to any other circumstances precluding the availability of the defendant or his attorney, the defendant should be deemed unavailable for any period of time during which he could not be apprehended *because his whereabouts were unknown and could not be determined by due diligence* . . (Emphasis added.)

The second complaint was filed on August 18. However, appellant was not rearrested until November 6. The record does not explain this 80 day delay. Appellant asserted at

oral argument on post-verdict motions, N.T. May 3, 1976, 13–15, and states in his brief that:

> During [this] interval . . . the appellant either re-mained at his Philadelphia address or was in the custody of the Commonwealth on a separate charge. Appellant's Brief at 12.

It is unnecessary for us to appraise the accuracy of this assertion. At the hearing on appellant's Rule 1100(f) petition the Commonwealth did not claim that appellant had been unavailable, but rather offered no argument. See Appellee's Brief Exhibit (copy of Notes of Testimony from Rule 1100(f) hearing.) [8] Further, the Commonwealth did not respond to appellant's assertion of availability at oral argu-ment on post-verdict motions, N.T., May 3, 1976, 15, or in its reply brief in this appeal, Appellee's Brief at 5–7. Thus at every juncture in this proceeding the Commonwealth has exclusively relied on the date of rearrest as the starting point of the period for trial. In *Commonwealth v. Shelton, supra,* the court stated:

> Whether or not circumstances exist in any given case which warrant excluding certain periods of time pursuant to section (d) *is to be determined when an accused applies for dismissal of the charges because of an alleged violation of the Rule pursuant to section (f). Commonwealth v. O'Shea,* 465 Pa. 491, 350 A.2d 872, 875 n. 9 (1976). *Id.,* 469 Pa. at 15, 364 A.2d at 697 (emphasis added).

Thus the Commonwealth's failure to address the issue makes it unnecessary for us to decide whether appellant was una-vailable during the 80 day period between July 25 and August 18 despite the Commonwealth's due diligence.[9]

---

**8.** The official record does not contain an original copy of the notes of testimony from the Rule 1100(f) hearing. Our Prothonotary's at-tempt to locate the transcript has proved fruitless. Since the only copy available to us is contained in the Commonwealth's Brief and there is no dispute concerning what took place at the hearing, reliance on this unofficial copy is appropriate.

**9.** It is important to note that this case does not involve a situation where the Commonwealth was prevented at the hearing from offer-ing proof that it had exercised due diligence in bringing the defendant

Therefore there is no period excludable from the mandatory period of Rule 1100 under subparagraph (d)(1).

Our recent decision in *Commonwealth v. Dandy*, 252 Pa. Super. 387, 381 A.2d 972 (1977), is in accord. In *Dandy* the Commonwealth asserted that two periods of delay, one of thirty-six days and one of thirty-four days, should be excluded from the 180 day period because they were attributable to the defendant. We rejected this argument:

> While under Section (d) of the Rule, various time periods may be excluded from the 180 day period, if due to the unavailability of the defendant or his counsel or if due to defense continuances in excess of thirty days, such exclusions are not proper in the instant case for two reasons. First, the Commonwealth never argued defense caused delays in the argument before the lower court on appellant's Rule 1100 motion. Rather, the Commonwealth only noted that there had been delays . . . Second, the Commonwealth's contention must fail because the record provides no support for the claim that some seventy days of delay are attributable to appellant and should be excluded from the running of the time limit under the Rule. 252 Pa. at 391, 381 A.2d at 974.

*See Commonwealth v. Jones*, 250 Pa.Super. 98, 102, 378 A.2d 471, 474 (1977).

Since none of the exceptions to the mandatory period for commencing trial under Rule 1100 applies here, appellant should have been brought to trial by January 21, 1976. Thus, on January 28, when appellant received permission to file a Rule 1100(f) petition requesting dismissal, the period for trial had already expired. Accordingly, at the subsequent hearing on the petition, appellant was entitled to be discharged.[10]

to trial. In that circumstance it would be necessary for us to remand for a hearing. *See Commonwealth v. Dorsey*, 251 Pa.Super. 228, 380 A.2d 461 (1977).

**10.** Although, for the reasons discussed in the first part of this opinion, the period prescribed by Rule 1100 has been computed from the filing of the first complaint, it will be observed that even if it is

The judgment of sentence is reversed and appellant is discharged.

JACOBS, President Judge, and HOFFMAN, J., concur in the result.

CERCONE, J., files a concurring opinion.

PRICE, J., files a concurring opinion in which VAN der VOORT, J., joins.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

CERCONE, Judge, concurring:

I reluctantly concur in the result reached by the majority in the instant case because recent decisions of the Supreme Court leave no room for disagreement with the majority's disposition of this case. When *Commonwealth v. Whitaker*[1] and *Commonwealth v. Earp*[2] are read together they virtually compel the conclusion the majority has reached. Were we writing on a clean slate, however, in my estimation a due process analysis should be applied to situations where the accused seeks to charge the Commonwealth with responsibility for delays in prosecution occurring when no formal charges are pending. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *Ross v. United States*, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965). However, I agree with the majority's disposition of this case because a due process analysis no longer seems open to us.

computed from the filing of the second complaint, appellant would be entitled to relief. From August 18, 1975, the date the second complaint was filed, the run date would be February 16, 1976, unless there are periods excludable under Rule 1100(c) or (d). As discussed, on February 10 appellant requested a continuance until March 23, that is, for 42 days. Rule 1100(d)(2) provides that "the period beyond the thirtieth (30th) day shall be . . . excluded." Therefore an additional 12 days can be excluded, so that the period for bringing appellant to trial would increase by 12 days, that is, the Commonwealth would have 192 days, or until February 26, to bring appellant to trial. In fact, appellant was not brought to trial until May 3.

1. 467 Pa. 436, 359 A.2d 174 (1976).

2. 476 Pa. 369, 382 A.2d 1215 (1978).

PRICE, Judge, concurring:

In Part I of its opinion, the majority determines that the period of time prescribed by Rule 1100 for trial commencement must be measured from the filing date of the first complaint against the appellant. In Part II of its opinion, the majority determines that if the mandatory period is measured from the filing date of the first complaint, then appellant's right to a speedy trial was violated and he must be discharged. Although I agree with Part II in its entirety and the conclusion of Part I, I cannot accede to the rationale employed by the majority in Part I.

In *Commonwealth v. Braithwaite*, 253 Pa.Super. 447, 385 A.2d 423 (1978), this court, citing *Commonwealth v. Mumich*, 239 Pa.Super. 209, 361 A.2d 359 (1976), enunciated a standard by which we would examine Rule 1100 claims in cases, such as the instant case, where *all* of the charges arising from a criminal transaction have been dismissed and then later revived in whole or in part.[1] *See also Commonwealth v. Lowe*, 255 Pa.Super. 78, 386 A.2d 144 (1978). We stated that ". . . the prompt trial period would attach from the date of [a] second complaint only if (1) the first complaint was properly dismissed and (2) the record fails to reflect an improper prosecutorial design to circumvent the mandate of Rule 1100." *Commonwealth v. Braithwaite, supra* 253 Pa.Super. at 450, 385 A.2d at 424. Despite our holdings in *Braithwaite* and *Mumich*, the majority asserts that ". . . the Commonwealth's motive is immaterial" to an analysis of the appellant's claim. I see no reason to

1. The present case is therefore distinguishable from *Commonwealth v. Earp*, 476 Pa. 369, 382 A.2d 1215 (1978), in which the Pennsylvania Supreme Court ruled that an accused not timely tried under Rule 1100 on charges arising from a criminal transaction may not, under Rule 1100, be later brought to trial on other charges arising out of the same transaction. The limited applicability of the supreme court's holding in *Earp* was highlighted by the court when it specifically refused to determine ". . . the effect of a complete dismissal on all charges arising out of a criminal transaction upon the speedy trial rule." *Commonwealth v. Earp, supra* at 374, 382 A.2d at 1217. I am therefore unable to understand how Judge Cercone, in his concurring opinion, can conclude that *Earp*, in any way, provides support for the majority's decision.

eschew the standard pronounced by this court in *Braithwaite* and would use that standard to resolve appellant's claim.

When the appellant's claim is analyzed in light of the guidelines established in *Braithwaite*, it is apparent, *under the circumstances of this case*, that the period of time for trial must be measured from the date of the first complaint. Although the record does not demonstrate a prosecutorial intent to evade the mandate of the Rule, the record does indicate that the hearing judge improperly dismissed the first complaint against the appellant.

At the appellant's first preliminary hearing, the hearing judge dismissed the charges against the appellant because the preliminary hearing had been scheduled on the second day after the preliminary arraignment.[2] Under Pa.R. Crim.P. 140(f)(1), a preliminary hearing shall not be less than three days nor more than ten days after the preliminary arraignment.[3] Although a technical violation of Rule 140(f)(1) did occur in the instant case, the Pennsylvania Supreme Court, in *Commonwealth v. Hailey*, 470 Pa. 488, 509, 368 A.2d 1261, 1272 (1977), has ruled that unless an accused is able ". . . to demonstrate a causal connection between any prejudicial event and the alleged irregularity" then the remedy of dismissal is inappropriate if the hearing substantially complied with the requirements of Rule 140(f). In the instant case, the appellant's preliminary hearing was scheduled one day too soon under Rule 140(f). Certainly, despite such an irregularity, the appellant's hearing substantially complied with Rule 140(f), particularly since "Rule 140(f) was primarily designed to prevent pro-

2. The preliminary arraignment was held on July 26, 1975, and the preliminary hearing was scheduled for July 28, 1975.

3. Rule 140(f) reads in pertinent part as follows:

"(f) When a preliminary hearing is not waived, the issuing authority shall:

(1) fix a day and hour for a preliminary hearing which shall not be less than three nor more than ten days after preliminary arraignment unless extended for cause shown, unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with the consent of the complainant and the attorney for the Commonwealth."

longed custody of an accused prior to an independent judicial finding of the existence of probable cause." *Commonwealth v. Hailey, supra* at 506, 368 A.2d at 1270. Moreover, neither party indicates that the defense was prejudiced in any way by the irregularity. Under these circumstances, it is clear that the hearing judge improperly dismissed the first complaint against the appellant. Since the complaint against the appellant was improperly dismissed, the proceedings on the charges contained in that complaint were never terminated for the purpose of Rule 1100. Therefore, because I agree with the majority that the appellant's Rule 1100 right to a speedy trial was violated if the mandatory period is measured from the filing date of the first complaint, I would reverse the judgment of sentence and discharge the appellant.

VAN der VOORT, J., joins in this opinion.