COMMONWEALTH of Pennsylvania, Appellant,

v.

Daniel BRENNAN.

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided March 9, 1979.

D. Michael Emuryan, Assistant District Attorney, Chief, Appeals Div., Media, for Commonwealth, appellant.

Robert F. Pappano, Assistant Public Defender, Media, for appellee.

Before CERCONE, President Judge, and SPAETH and LIPEZ, JJ.

LIPEZ, Judge:

This is an appeal by the Commonwealth from the order of the court below dismissing charges against appellee because of the Commonwealth's alleged failure to comply with Rule 1100(a)(2).[1] We vacate the lower court's order and remand the cause for proceedings not inconsistent with this opinion.

1. Pa.R.Crim.P. 1100(a)(2) provides:—"Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

A complaint charging appellee with rape and various related offenses arising out of the same criminal act was filed May 28, 1977. Appellee was arrested for the first time concerning this matter on June 10, 1977. A preliminary hearing before a District Justice was held, according to the Opinion of the court below, on June 20, 1977; the Commonwealth and appellee claim in their briefs that the date of the preliminary hearing was June 27, 1977. This discrepancy, while not material to our resolution of this case, serves to point up the fact that the record of the first preliminary hearing was not before the court below. At that first hearing, the proceedings against appellee were terminated either by withdrawal of charges by the Commonwealth, or by dismissal of the complaint. The Commonwealth argues one, the appellee the other, and the lower court's Opinion declares that "[w]hether the Defendant was discharged or charges withdrawn is immaterial for our purposes." A second complaint, charging substantially the same crimes, was filed September 26, 1977, and appellee was arrested pursuant thereto October 16, 1977. Appellee was bound over for trial at a preliminary hearing held November 23, 1977. On January 10, 1978, a hearing was held on Appellee's Motion to Dismiss for violation of Rule 1100(a)(2). The court below held that the 180 day period of Rule 1100 must commence to run the day the first complaint is filed, regardless of the disposition thereof, and dismissed all charges on the grounds that 215 days had passed between the filing of the first complaint and appellee's Rule 1100 motion.

With respect to the court below, in light of our holding in *Com. v. Braithwaite*, 253 Pa.Super. 447, 385 A.2d 423 (1978), *allocatur denied*, July 21, 1978, *petition for reconsideration denied*, September 15, 1978, *and see Com. v. Weitkamp*, 255 Pa.Super. 305, 386 A.2d 1014, 1032–33, (allocatur denied July 20, 1978), which cases had not yet been filed on the date of appellee's Rule 1100 hearing, resolution of the question whether charges were dismissed or withdrawn is absolutely indispensable to a correct decision in this

case. If the first complaint were withdrawn by the prosecution at the first preliminary hearing, *Com. v. Whitaker*, 467 Pa. 436, 359 A.2d 174 (1976) would control. In *Whitaker*, the Supreme Court of Pennsylvania held that the entry of a *nolle prosequi* on the motion of a district attorney does not toll the running of the Rule 1100 period. The Supreme Court concluded that "the prosecution's motion for a *nolle prosequi*[2] pursuant to Rule 314 was simply an effort to gain an extension of the time period during which it was required to bring appellee to trial." *Id.* 467 Pa. at 443, 359 A.2d at 177. *See Com. v. Braithwaite*, 253 Pa.Super. 447, 450 n.2, 385 A.2d 423, 425 n.2. The court held that, in such a situation, the Rule 1100 period would be counted from the filing of the first (that is, in that case, the withdrawn) complaint. On the facts of the instant case, if, and only if, the first complaint was in fact withdrawn by the prosecution, *Braithwaite* and *Whitaker* would require that the 180 day period begin on May 28, 1977, the date of filing of that complaint. Since appellee was not brought to trial within 180 days of the filing of the first complaint, the charges would be dismissed. But if the first complaint was properly dismissed by the District Justice,[3] the two-pronged test enunciated in *Braithwaite* must be applied. This test has been stated as follows:

> [T]he prompt trial period would attach from the date of the second complaint only if (1) the first complaint was properly dismissed and (2) the record fails to reflect an

**2.** The Supreme Court stated in *Whitaker* that a "*nolle prosequi* is the voluntary withdrawal by the prosecuting attorney of present proceedings on a particular bill of indictment," 467 Pa. at 442, 359 A.2d at 177. Pa.R.Crim.P. 151 provides for a similar procedure before a district justice, and we see no reason not to apply the principles of *Whitaker* to this situation, if the first complaint was in fact withdrawn.

**3.** *Braithwaite* makes no distinction between dismissal for technical reasons such as an inadvertent failure to sign one copy of the complaint form as occurred in *Com. v. Mumich*, 239 Pa.Super. 209, 361 A.2d 359 (1976), and dismissal for the prosecution's failure to state a prima facie case at the preliminary hearing. The only requirement is that the complaint have been properly dismissed.

improper prosecutorial design to circumvent the mandate of Rule 1100.

*Braithwaite*, supra, 253 Pa.Super. at 450, 385 A.2d at 424–25. "Proper dismissal" we understand to mean that proceedings on the charges contained in the complaint were dismissed by a competent magisterial or judicial authority who committed no error of law in doing so. *See Com. v. Garbett*, 256 Pa.Super. 488, 390 A.2d 208, 215 (1978) (Price, J., concurring.)[4] This would include, we think, dismissal for failure to make out a prima facie case. *See Braithwaite*, supra; M. Marshall and J. Reiter, *A Trial Court Working with Rule 1100*, 23 Vill.L.Rev. 284, 293 n.71 and accompanying text. *Braithwaite* indicates that whether the defendant or his counsel object to a dismissal is an important factor in determining whether the dismissal was proper.[5] *See* 253 Pa.Super. at 450, 385 A.2d at 425. See also *Com. v. Mumich*, 239 Pa.Super. 209, 213, 361 A.2d 359, 361 (1976); *Marshall*, supra at 292.

The second prong of the *Braithwaite* test is virtually self-explanatory. The record must be examined for evidence of "an improper prosecutorial design to circumvent the mandate of Rule 1100."

On the facts of the case before us, if the first complaint was dismissed on proper grounds and the record is devoid of indications of a scheme on the part of the prosecution with the intent of circumventing the time requirements of Rule 1100(a)(2), the 180 day period will be counted from September 26, 1977, the filing of the second complaint. Appellee's

4. The Opinion of the Court in *Garbett*, although it did not utilize the *Braithwaite* test, does not affect it. *Braithwaite* was a 4–2 decision, the former President Judge having taken no part in the consideration or decision of the case. In *Garbett*, Judge Spaeth wrote the Opinion for the Court, but none of the other judges joined entirely therein. Instead, President Judge Jacobs and Judge Hoffman concurred in the result, Judge Cercone concurred in the result in a separate opinion, and Judge Price concurred in a separate opinion in which Judge Van der Voort joined.

5. We think it unrealistic, however, to expect the defendant or his attorney to object to dismissal of charges.

motion would be denied because December 30, 1977, the date on which it was filed, would clearly fall within the period.

This result is also suggested by a consideration of the American Bar Association's *Standards Relating to Speedy Trial* (Approved Draft, 1968). Section 2.2(b) of the Standards provides:

The time for trial should commence running, without demand by the defendant . . .

(b) if the charge was dismissed upon motion of the defendant and thereafter the defendant was held to answer or charged with an offense, from the date the defendant was so held to answer as charged . . . .

*Standards* at 6. This indicates that the period should begin to run from the filing of a subsequent complaint, if the first complaint were dismissed on defendant's motion. A study, conducted under the auspices of the Pennsylvania Bar Association and the Pennsylvania Conference of State Trial Judges, which compared the *Standards* with Pennsylvania law and practice found that this situation is not covered by Rule 1100, and recommended the implementation of section 2.2(b) of the *Standards. An Analysis of Criminal Justice Standards* 10–22 (December 1976).

In summation, the court below must determine whether the first complaint was withdrawn or dismissed. If it was withdrawn by the prosecution, the 180 day period of Rule 1100 must be counted from May 28, 1977, the day that complaint was filed. But if that first complaint was dismissed for any proper reason, the two-pronged test of *Braithwaite* must be applied. Then, if (1) the first complaint was properly dismissed, and (2) the record reveals no prosecutorial design to evade the strictures of Rule 1100, the 180 day period will commence to run on September 26, 1977, the date of filing of the second complaint.

The order of the court below is vacated and the case remanded for proceedings not inconsistent with this opinion.

CERCONE, President Judge, dissents.