419 A.2d 561

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Michael LODISE.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed March 28, 1980.

486

Marianne E. Cox, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Taras Wochok, Media, for appellee.

Before PRICE, WIEAND and VAN der VOORT, JJ.*

VAN der VOORT, Judge:

Defendant was arrested originally on April 6, 1977 and charged with various kinds of theft in March of 1977 of more than $10,000 from his employer Stouffer's of Philadelphia. He was held for trial, but the original transcript was quashed on motion of defendant by Judge Blake of the Philadelphia court on the ground that there was no evidence presented at the preliminary hearing to establish that a theft occurred on the date alleged in the complaint. The Commonwealth's motion at the preliminary hearing to amend the complaint to conform to the proof was refused by the hearing judge.

Defendant was again arrested on November 14, 1977, on the original charges of theft, theft by deception, and failure to make required disposition of funds.

At a second preliminary hearing, before Judge Mirarchi on December 14, 1977, defendant was again discharged. On January 12, 1978, the Commonwealth filed a petition to re-arrest defendant, and Judge Mirarchi denied the petition. The Commonwealth appealed to this Court.

* Judge DONALD E. WIEAND is sitting by special designation.

On January 12, 1978, anticipating a delay in the handling of the appeal, the Commonwealth filed a petition for an extension of time under Rule 1100(c). This petition was denied on January 27, 1978. The Commonwealth filed a petition for reconsideration on February 21, 1978, which was denied on March 16, 1978 by Judge Blake.

There are two principal matters to be considered on this appeal; specifically, whether the discharge of defendant by Judge Mirarchi on December 14, 1977 should be reversed, and second, whether prosecution of this defendant is barred by Rule 1100.

We address the second matter first. Defendant argues that the 180 day time limitation of Rule 1100 starts to run on April 6, 1977, in which case prosecution would be barred by the expiration of the 180 days in early October 1977.

We disagree. In the circumstances present in this case, we hold that the applicable 180 days began to run on November 14, 1977, the date of arrest on the second complaint.

It is obvious from the record that the original charges were dismissed on the motion of defendant and over the protests of the Commonwealth. In these circumstances, our Court has held, in *Commonwealth v. Mumich*, 239 Pa.Super. 209, 361 A.2d 359 (1976), in *Commonwealth v. Braithwaite*, 253 Pa.Super. 447, 385 A.2d 423 (1978), in *Commonwealth v. Lowe*, 255 Pa.Super. 78, 386 A.2d 144 (1978), and in *Commonwealth v. Weitkamp*, 255 Pa.Super 305, 386 A.2d 1014 (1978), that (absent some evidence of manipulation in the handling of the first complaint) the 180 day period begins to run from the time of filing the second complaint.

The dismissal of the Commonwealth's petition to extend the time for trial was improper.

Judge Blake referred in his opinion to *Commonwealth v. Earp*, 476 Pa. 369, 382 A.2d 1215 (1978) and to *Commonwealth v. Garbett*, 256 Pa.Super. 488, 390 A.2d 208 (1978).

Both cases are distinguishable from the present case. In *Earp*, our Supreme Court held that the dismissal of some but not all the charges against defendant did not relieve the Commonwealth of its obligation to bring the case to trial within 180 days from the date of the first complaint.

In *Garbett*, our Court, although holding in that case that the 180 days began to run from the date of filing the first complaint, also pointed out that the 180 days had expired even if the date of filing a second complaint were used as the starting date. The court there also referred to *Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d 174 (1976). That case holds that the running of the requisite time may not be tolled by the filing of a motion for nolle prosequi by the prosecution. See also Judge Price's Concurring Opinion in *Garbett*, 256 Pa.Super. 501, 390 A.2d 208.

We must therefore reverse the refusal of the Commonwealth's petition for an extension of time, if we believe that the court below is in error in holding that a prima facie case was not presented at the second preliminary hearing.

The Commonwealth established at the preliminary hearing that defendant was an assistant bookkeeper for Stouffer's, whose duty it was to deposit each previous day's cash receipts and checks in a bank on the first floor of the restaurant building; that in the period from March 1, 1976 through March 14, 1977, he made deposits on only two days; that the amount of the missing deposits was about $35,000; that defendant told a friend named Gambale who was a bartender at Stouffers that he had stolen money from Stouffers, and that he needed money to pay off gambling debts.

Judge Mirarchi ruled that the Commonwealth had failed to make out a prima facie case against defendant, saying in his opinion:

"Stripped to the bare essentials—the Commonwealth has established an alleged shortage at best and some remarks

from the bartender, Gambale, that the defendant allegedly admitted that he was hurting for money."

■ We believe this is a faulty over–simplification of the evidence, which established prima facie at least this much:

1. A duty on the part of the defendant to deposit moneys in the bank;

2. A failure of large parts of such moneys to arrive at the bank;

3. Access of defendant to physical possession of the moneys;

4. A motive for defendant's misappropriation of the moneys;

5. An admission by defendant that he had stolen money from his employer.

We hold that there was enough evidence of guilt so that defendant should have been held for trial.

The opinion of the court below makes plain that it was dubious of the credibility of the witness Gambale, but that problem is a factual one to be resolved by the fact–finder at the trial. *Commonwealth v. Whack*, 482 Pa. 1376, 393 A.2d 417 (1978).

■ As our Supreme Court has pointed out in *Commonwealth v. Prado*, 481 Pa. 485, 393 A.2d 8 (1978), the prosecution's burden at the preliminary hearing is to establish sufficient probable cause that the accused has committed the offense, not necessarily at this level requiring proof of guilt beyond a reasonable doubt.

The orders of the court below from which appeal has been taken are reversed; leave to rearrest appellee is granted; case is remanded with instructions to grant the petition of the Commonwealth for an extension of time for trial, to hold appellee for trial and to conduct his trial.