500 A.2d 806

**COMMONWEALTH of Pennsylvania,**

v.

**Glenn WHITING, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 19, 1985.

Decided Nov. 22, 1985.

Robert F. Pappano, Public Defender's Office, Media, for appellant.

John A. Reilly, Dist. Atty., Sandra L. Elias, Deputy Dist. Atty., Joseph J. Mittleman, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant Glenn Whiting's petition for allowance of appeal from the Order of the Superior Court, *Commonwealth v. Whiting*, 333 Pa.Super. 633, 482 A.2d 670 (1984), affirming the judgment of sentence of the trial court,[1] was granted to consider the manner of computing time under Pa.R. Crim.P. 1100 where a committing magistrate dismisses charges pursuant to a Commonwealth motion to dismiss.

On the basis of the statement of a co-actor, a complaint charging appellant with, *inter alia*, robbery, kidnapping and various weapons offenses was filed on June 12, 1980.

---

1. Appellant was convicted by a jury of robbery, kidnapping and possession of a firearm without a license, possession of instruments of crime and conspiracy. Judgments of sentence of a total of 6 to 20 years were imposed. Common Pleas Court modified this sentence after the appeal was taken to Superior Court. Superior Court vacated the Order modifying sentence and affirmed the original judgments.

The charges stemmed from the June 7–8, 1980 armed robbery of a cab driver. As the victim failed to identify appellant as his attacker at a line-up conducted prior to the preliminary hearing, the Commonwealth moved for dismissal of the charges on the basis of a lack of identification testimony.[2] Without hearing any testimony, the district magistrate granted the motion and dismissed the charges on July 24, 1980. A second complaint was filed on May 14, 1981, and trial commenced on November 9, 1981—the 179th day after the filing of the second complaint. Appellant contends that (1) as his arrest was effected on information of a co-actor who was not present at the preliminary hearing but who was the Commonwealth's chief witness at trial and (2) as the original charges were dismissed at the instigation of the Commonwealth, the run date for purposes of Rule 1100 should be computed from the date of the first complaint.

As the prosecution under the original complaint was dismissed not after any independent review by the magistrate, but on motion of the Commonwealth, we treat this case as a voluntary withdrawal of the prosecution by the Commonwealth. For the purposes of computing time for trial under Rule 1100 then, the dismissal in this case is tantamount to a *nolle prosequi*. A *nolle prosequi* is a voluntary withdrawal by the prosecuting attorney of proceedings on a particular bill or information, which can at anytime be retracted to permit a revival of proceedings on

---

**2.** The opinion of the trial court indicates that the co-actor *refused* to testify until March 31, 1981. The following exchange between the Assistant District Attorney at the hearing on the Rule 1100 motion and the prosecutor who handled the preliminary hearing is the only reference in the record before us to the co-actor's availability to the Commonwealth at the preliminary hearing:

Q. And would it be your testimony, Mr. Capelli, that [the victim] would have been the only connection at [the preliminary hearing] between this incident and the defendant, Mr. Whiting?

A. Yes, I believe at that time that was the only thing we had. Whether the co-actor was actually called by the Commonwealth, but invoked her Fifth Amendment privilege or was not called to testify at all is not in the record.

the original bill or information. See, *Commonwealth v. McLaughlin*, 293 Pa. 218, 142 A. 213 (1928).

Appellant relies primarily on *Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d 174 (1976) and *Commonwealth v. Brennan*, 264 Pa.Super. 206, 399 A.2d 739 (1979), to substantiate his argument that the speedy trial time commences running from the date of the first complaint. In *Whitaker*, this Court first addressed the manner of computing time under Rule 1100 in a matter which was voluntarily terminated by the Commonwealth. There, with two days left for the commencement of trial within the period prescribed in Rule 1100, the Commonwealth moved for leave to enter a *nolle prosequi* on grounds it had no admissible evidence with which to prosecute the case. The lack of evidence resulted from suppression of certain of appellee's statements to police and the unexpected refusal of a co-defendant to testify. This Court rejected the Commonwealth's suggestion that a *nolle prosequi* should toll the running of the speedy trial time period specified in Rule 1100. Instead, we held that, on the record in *Whitaker*, the *nolle prosequi* "was simply an effort to gain an extension of the time period during which [the Commonwealth] was required to bring [the defendant] to trial," *Commonwealth v. Whitaker, supra*, 467 Pa. at 443, 359 A.2d at 177, and, as such, was an impermissible substitute for compliance with the extension of time provision of Pa.R.Crim.P. 1100(c). We ruled that the speedy trial period should be computed from the date of the complaint, and that Whitaker's trial was, ultimately, untimely.

In *Commonwealth v. Brennan, supra*, Superior Court was confronted with a factual situation remarkably similar to the case *sub judice*. There, as here, the prosecution was terminated at the preliminary hearing "either by withdrawal of charges by the Commonwealth, or by dismissal of the complaint." Based on *Whitaker*, Superior Court held that if the prosecution was withdrawn, then the 180 day period of Rule 1100 must be computed from the date of the first complaint; but if the first complaint was properly dismissed

24

and if the record failed to reflect an improper prosecutorial design to circumvent Rule 1100, then the speedy trial time period would run from the date of the second complaint. *Commonwealth v. Brennan, supra,* is inapplicable to the matter before us, however, as, seven months after *Brennan* was decided, this Court limited *Whitaker* to instances "where there is an *obvious* attempt to evade the requirements of Rule 1100(c) through the use of the *nolle prosequi* procedure." *Commonwealth v. Johnson,* 487 Pa. 197, 204, 409 A.2d 308, 311 (1979) (Emphasis supplied.) Thus, where a prosecution is voluntarily terminated, and the record shows an attempt to manipulate or evade the requirements of Rule 1100, the speedy trial time period will be computed from the date of the original complaint. But where the record does not show that the Commonwealth's termination of the prosecution was designed to manipulate or evade the requirements of Rule 1100, the time for computing the speedy trial period runs from the date of the later complaint.

■ On the record before us, there is no reason to conclude the Commonwealth's withdrawal of the prosecution was an attempt to manipulate or evade Rule 1100. Cf., *Commonwealth v. Sires,* 284 Pa.Super. 50, 424 A.2d 1386 (1981). The charges against appellant were withdrawn because, due to the victim's inability to identify appellant, the Commonwealth suddenly found itself unable to establish a prima facie case at the preliminary hearing. Although, as noted *supra,* the precise reason why appellant's co-actor was unavailable to testify at the preliminary hearing is not in the record before us, absent some support in the record for the conclusion the Commonwealth's motion to dismiss was motivated by an intent to evade Rule 1100, we will not presume such a motive. *Quod fieri debet facile praesumitur.* As the record shows that the Commonwealth's motion to dismiss was based on lack of evidence and not any bad faith, the time for computing the speedy

trial period under Rule 1100 is properly calculated from the date of the second complaint.

Judgments of sentence affirmed.

McDERMOTT and PAPADAKOS, JJ., concurred in the result.