505 A.2d 631

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Larry PARNELL.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1985.

Filed Feb. 26, 1986.

Daniel E. Fitzsimmons, Deputy District Attorney, Pittsburgh, for Com., appellant.

Raymond Radakovich, Pittsburgh, for appellee.

Before ROWLEY, DEL SOLE and TAMILIA, JJ.

PER CURIAM:

Order reversed. Case remanded for reinstatement of the Criminal Complaint. Jurisdiction relinquished.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

I respectfully dissent and would affirm the decision of the trial court that the criminal complaint refiled on June 26, 1984, violated Appellee's Rule 1100 rights.

In *Commonwealth v. Whiting*, 509 Pa. 20, 500 A.2d 806 (1985), the Supreme Court of Pennsylvania stated:

> Thus, where a prosecution is voluntarily terminated, and the record shows an attempt to manipulate or evade the requirements of Rule 1100, the speedy trial time period will be computed from the date of the original complaint. 500 A.2d at 808.

The *Whiting* court found that the record therein demonstrated that the Commonwealth's motion to dismiss was based on lack of evidence to proceed, and not on bad faith.

The trial court in the instant case followed the principle of *Whiting* since it looked to determine whether the Commonwealth's actions amounted to an attempt to evade Rule 1100. After the court heard testimony regarding the "agreement" between Commonwealth and Appellee, and concerning the fact that Appellee's Rule 1100 rights were never explained to him, the following transpired:

THE COURT: Why didn't they have the case nolle prossed later?

MR. FITZSIMMONS: The facts are as they are.

THE COURT: They are because they tried to circumvent Rule 1100.

T.T. 15–16.

Further, in the Opinion in support of the court's Order, the Honorable Robert E. Dauer writes:

(T)he analysis requires the Court to determine whether the prosecution attempted to avoid Rule 1100 mandate by withdrawing the criminal complaint.

In the instant case, there can be no other reasonably inferred purpose of withdrawing the criminal complaint on January 19, 1984.

The Majority on page two of its Opinion states: "We disagree with the trial court's finding". Unlike the majority I don't believe that an appellate court can make its own findings when it disagrees with the trial court. The Majority is setting itself up as a factfinder, which is not the function of an Appellate court. Once trial court determined that the Commonwealth was acting in bad faith, the only remaining issue is whether there is evidence to support that finding. My review of the transcript in this matter reveals evidence which would support the trial court's finding. Herein, the testimony revealed that the complaint was not withdrawn because the Commonwealth lacked evidence to prosecute. Rather, the Commonwealth witnesses testified that they sought to obtain Appellee's continued cooperation with knowledge that they could later refile the complaint against Appellee, avoiding requirements of Rule 1100. The trial court concluded that based on this testimony there could be no other reasonably inferred purpose to withdraw the charges except to avoid the Rule 1100 mandate. In view of the facts surrounding this case, I would find no reason to disturb the trial court's determination.