424 A.2d 1386

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**George E. SIRES.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed Jan. 30, 1981.

■■■■■■

Miles R. Lynn, Jr., Assistant District Attorney, Franklin, for Commonwealth, appellant.

John E. Egan, Franklin, for appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

BROSKY, Judge:

Charges were filed against appellee for theft by receiving stolen property on September 12, 1978. A preliminary hearing was scheduled for September 20, 1978, but later rescheduled for October 6, 1978, on which day, the arresting officer—Trooper John Beggs—withdrew the charges.[1]

Identical charges were filed by Trooper Beggs on March 8, 1979 and a preliminary hearing on the second complaint was scheduled for April 5, 1979. Sires filed a motion to dismiss under Pennsylvania Rule of Criminal Procedure 1100 (hereinafter Rule 1100) alleging that he was not brought to trial within 180 days of the scheduled date for the preliminary hearing on the first complaint. A hearing was held on May 11, 1979. Sires was subsequently discharged by the trial court after all charges were dismissed against him pursuant to the Commonwealth's violation of Rule 1100. The Commonwealth appeals. We affirm the trial court.

■ The test used to determine which date shall start the Rule 1100 period to run has been established in *Commonwealth v. Mumich*, 239 Pa.Super. 209, 361 A.2d 359 (1976), wherein we held that a decision shall be based upon a two part analysis which requires us to determine: (1) if the first complaint was properly dismissed; and (2) whether the prosecution attempted to avoid Rule 1100's mandate. *Commonwealth v. Braithwaite*, 253 Pa.Super. 447, 385 A.2d 423

---

1. The charges were summarily withdrawn without any kind of impartial judicial review.

(1978) allocatur denied, July 21, 1978, petition for reconsideration denied, September 18, 1978. The *Mumich*, supra, test has been elucidated by our decision in *Commonwealth v. Brennan*, 264 Pa.Super. 206, 399 A.2d 739 (1979).

In *Brennan*, supra, we stated:

"Proper dismissal" we understand to mean that proceedings on the charges contained in the complaint were dismissed by a competent magisterial or judicial authority who committed no error of law in doing so.

█ In the instant case, it is clear that the initial part of the *Mumich*, supra, analysis was not satisfied. The first complaint was not dismissed by an impartial tribunal.

The Commonwealth urges us to dispense with the first leg of the *Mumich*, supra, test. It argues our decision should rest solely upon the second portion of the test—presence or absence of "prosecutorial design to circumvent the mandate of Rule 1100." We do not find this argument persuasive.

The very purpose of rule 1100 is to assure a defendant a speedy trial. While it is true the 180 days is an arbitrary number of days arrived at by our Supreme Court, underlying that time constraint lies the right to a speedy trial assured a defendant by the Pennsylvania and United States Constitutions. P.S.Const. Art. 1, § 9; U.S.C.A.Const. Amend. 6.

The problem sought to be controlled by those provisions is to minimize oppressive pretrial incarceration.

Certainly, the first leg of the *Mumich*, supra, test should not be dropped. It serves to assure the defendant that charges were impartially and justly dismissed under the first complaint. If we were to decide otherwise, we would be opening the door to prosecutorial manipulation of complaints to avoid Rule 1100.

Alternatively, it is true that our appraisal would not be any different under the second leg of the *Mumich*, supra, test. It would be difficult for us to hold the Commonwealth was not attempting to avoid the mandate of Rule 1100 where it presents us with no facts other than its naked

withdrawal of a complaint and the reissuance of that complaint at a later date where the only possible explanation offered—in light of the absence of magisterial or judicial review—is prosecutorial convenience. After all, if the purpose of the Commonwealth in seeking the withdrawal of the initial complaint was not disingenuous, they would hardly have had any reason to seek to avoid impartial judicial review.[2]

Order affirmed.

PRICE, J., concurs in result.

2. It is difficult not to assume the Commonwealth seeks to disinvolve itself in this procedure because it wishes to avoid what it perceives as unnecessary proceedings. However, we remain unpersuaded because of the necessarily guarded constitutional rights requiring protection in this case.