**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Gary Jamal JOHNSON, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 25, 2010.

Filed Dec. 7, 2010.

Jacqueline M. Carroll, Assistant District Attorney and Frank P. Barletta, Assistant District Attorney, Wilkes–Barre, for Commonwealth, appellant.

Joseph F. Saporito, Jr., Wilkes–Barre, for appellee.

BEFORE: PANELLA, DONOHUE, JJ. and McEWEN, P.J.E.

OPINION BY PANELLA, J.:

The Commonwealth appeals from the order entered on November 12, 2009, by the Honorable Michael T. Toole,[1] Court of Common Pleas of Luzerne County, which granted the motion of Appellee, Gary Jamal Johnson, to dismiss the Criminal Information docketed at No. 1947 of 2009. After careful review, we are compelled to reverse.

The record in this case reveals that on August 12, 2008, the Commonwealth filed charges of rape, involuntary deviate sexual intercourse, and sexual assault against Johnson based upon events that allegedly occurred in May of 2008, while Johnson was an inmate at SCI Dallas. The affidavit of probable cause indicated that Johnson allegedly inserted his finger into the anus of another inmate. A preliminary hearing was scheduled. However, the Commonwealth filed two separate requests for continuances, which were granted in October of the same year. The hearing was subsequently scheduled for November 17, 2008, at which time Johnson waived his right to a preliminary hearing and the charges were consequently bound over for trial.

However, on December 18, 2008, following a review of the affidavit of probable cause and the crimes charged against Johnson, the Commonwealth determined that inappropriate charges had been filed based upon the factual allegations. As such, instead of filing a criminal information, the Commonwealth filed a notice of disapproval. The Commonwealth disapproved all three currently filed charges.

Thereafter, on January 20, 2009, the Commonwealth filed a new complaint based upon the identical factual allegations contained in the affidavit of probable cause. This time, the criminal information included the charge of aggravated indecent assault. After a series of continuances necessitated by the unavailability of the magisterial district judge and the Commonwealth's attorney, the preliminary hearing was finally held on June 2, 2009.

On November 12, 2009, Johnson filed a motion pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure, alleging that the Commonwealth had failed to bring him to trial in a timely manner. A hearing was held on that same date, after which, the trial court granted Johnson's motion to dismiss. This timely appeal followed.

On appeal, the Commonwealth raises the following issue for our review:

Did the trial court abuse its discretion in determining that the time for trial under Pa.R.Crim.P. Rule 600 began with the filing of an initial criminal complaint that was subsequently dismissed, rather than the re-filed criminal complaint upon which the charge against the Defendant was based?

Commonwealth's Brief, at 4.

In evaluating Rule 600 issues, our standard of review is whether the trial court abused its discretion. Our esteemed former colleague, the recently retired Judge Zoran Popovich, explained our review as follows:

The proper scope of review [...] is limited to the evidence of record of the [Rule] 600 evidentiary hearing, and the

1. Judge Michael Toole no longer serves on the bench of the Court of Common Pleas of Luzerne County. After his departure, the case was reassigned to the Honorable Tina Polachek Gartley, for the preparation of a Rule 1925(a) opinion.

findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party. Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind [Rule] 600. [Rule] 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of [Rule] 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, [Rule] 600 must be construed in a manner consistent with society's right to punish and deter crime.

*Commonwealth v. Surovcik,* 933 A.2d 651, 654 (Pa.Super.2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (quoting *Commonwealth v. Martz,* 926 A.2d 514, 517 (Pa.Super.2007), *appeal denied,* 596 Pa. 704, 940 A.2d 363 (2008)).[2]

Rule 600 provides, in pertinent part, as follows:

### Rule 600.  Prompt Trial

(A) ...

    (2) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

(G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

Pa.R.Crim.P., Rule 600(A)(2), (G), 42 Pa. Cons.Stat.Ann.

This Rule has been construed by the Courts of this Commonwealth as preventing the Commonwealth from filing and withdrawing a set of charges and re-filing them later in order to circumvent the 365–day limitation period of the Rule, thereby extending the time that a defendant could be brought to trial. *See Commonwealth v. Meadius,* 582 Pa. 174, 180, 870 A.2d 802, 805 (2005). Prior to *Meadius,* this Court employed a two-prong analysis to determine the proper date to calculate the 365–

---

**2.**  Judge Popovich authored both *Surovcik* and *Martz.*

day period, whereby this Court would calculate the 365–day period from the second filing of charges if the following facts were present: (1) the first complaint was properly dismissed by a competent judicial or magisterial authority; and (2) the Commonwealth's actions precipitating dismissal were undertaken without any intent to evade the rule's mandate. *See id.,* 582 Pa. at 180, 870 A.2d at 805 (citing *Commonwealth v. Sires,* 284 Pa.Super. 50, 424 A.2d 1386, 1387 (1981)). If these facts were not present, the 365–day period was to be calculated using the date of the first filing of charges as the start date. *See id.*

In addition to the "evasion" prohibition of Rule 600 found and explained by the *Sires* line of cases, the *Meadius* Court also recognized that section (G) of the Rule precludes the withdrawal and re-filing of charges where the Commonwealth fails to exercise "due diligence" in bringing the charges against the defendant at the earliest possible time. *Id.,* 582 Pa. at 183–184, 870 A.2d at 807–808. Further, the lack of "due diligence" provides an independent basis for dismissal under Rule 600(G), regardless of the lack of evasive intent on the part of the Commonwealth. *Id.,* 582 Pa. at 182, n. 4, 870 A.2d at 807 n. 4.

Here, it is evident that the trial court abused its discretion in dismissing the Criminal Information filed at No. 1947 of 2009. The first complaint, filed in August 2008, was properly dismissed by the Office of the District Attorney after the Commonwealth, in preparation for trial, determined that inappropriate charges had been filed against Johnson. Further, as the trial court aptly recognized, "the Commonwealth lacked any intent to attempt to evade the time constraints of Rule 600" by

seeking disapproval. N.T., Hearing, 11/12/09, at 34–35. A mere three months passed from the time the charges were filed until the Commonwealth's filing of a notice of disapproval in December of 2008. As such, we are in agreement with the trial court that "this isn't a case where [we] think the Commonwealth came in and said, boy, we have a Rule 600 problem, let's withdraw and then we will refile so we get a new magical start date." *Id.,* at 35.

Therefore, we are convinced that the Commonwealth exercised due diligence in its prosecution of Johnson. Upon deeming the initial charges inappropriate as they were not supported by the allegations of fact in the affidavit of probable cause, the Commonwealth promptly filed the appropriate charge of aggravated indecent assault on January 20, 2009. Thus, under the principles enunciated by our Supreme Court in *Meadius* and *Sires,* the 365–day period for purposes of Rule 600 should have been calculated from the date the second complaint was filed against Johnson, *i.e.,* January 20, 2009. Accordingly, Johnson's speedy trial rights were not violated and, as such, the Criminal Information filed at No. 1947 of 2009 was improperly dismissed.[3]

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

**3.** We note that Judge Gartley, in her well-written memorandum opinion, agrees with this disposition as she avows, "I do not find that the record supports the dismissal of the charges based on Rule 600 and disagree with the findings of the original Trial Judge." Trial Court Opinion, 6/9/10, at 3.