J-S40038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
v.   :
  :
  :
  :
YASIN LOWMAN   :
  :
Appellant   :   No. 1790 EDA 2022

Appeal from the Judgment of Sentence Entered June 16, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0006271-2019

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:           **FILED JUNE 25, 2024**

Appellant, Yasin Lowman, appeals from the aggregate judgment of sentence of $24^{1}/_{2}$ to 49 years' incarceration imposed by the Court of Common Pleas of Montgomery County following his bench trial convictions of nine counts of robbery, five counts of conspiracy to commit robbery, eight counts of possession of a firearm by a prohibited person, and one count of carrying a firearm without a license.[1]  For the reasons set forth below, we affirm.

On September 25, 2018, Appellant was arrested and charged in Montgomery County with the armed robbery of a Lukoil gas station in Springfield Township, Pennsylvania.  In July 2019, the Commonwealth *nolle*

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 903(a)(1), 6105(a)(1), and 6106(a)(1), respectively.

*prossed* those charges and filed new charges against Appellant in Montgomery County for the Lukoil robbery and other armed robberies of commercial establishments in Montgomery County and Philadelphia County that occurred during the period from August 17, 2018 to September 25, 2018. The charges against Appellant in this case consisted of fourteen counts of robbery, eight counts of conspiracy to commit robbery, fourteen counts of possession of a firearm by a prohibited person, one count carrying a firearm without a license, and multiple counts of possession of an instrument of crime and theft. The Lukoil robbery and three of the other robberies with which Appellant was charged took place in Montgomery County, and ten were in Philadelphia. N.T. Trial, 3/21/22, at 84-85, 90-91, 98-99, 104-05, 122-23, 144-45, 149-50, 156, 160-61, 171, 173-74, 176, 179-80, 187-88.

Isaiah Dykes (Co-Defendant) was charged in Montgomery County with twelve counts of robbery, seven counts of conspiracy to commit robbery, one count of carrying a firearm without a license, and multiple counts of possession of an instrument of crime and theft for armed robberies of commercial establishments in Montgomery County and Philadelphia during the same time period. Two of the robberies with which Co-Defendant was charged took place in Montgomery County and ten occurred in Philadelphia, and the two Montgomery County robberies and five of the Philadelphia robberies were the same robberies with which Appellant was charged. N.T. Trial, 3/21/22, at 43-

44, 76-77, 84-85, 90-91, 98-99, 104-05, 108-09, 144-45, 149-50, 156, 164-65, 169, 176.

The prosecution of the Philadelphia robberies in Montgomery County was pursuant to a **McPhail**[2] agreement by the District Attorney of Philadelphia that Montgomery County should prosecute Appellant and Co-Defendant for the Philadelphia robberies with which they were charged. 4/12/19 Letter. On October 15, 2019, the Commonwealth filed a notice of joinder consolidating this case for trial with the case against Co-Defendant. On February 14, 2020, Appellant filed an omnibus pretrial motion that included, *inter alia*, a motion for change of venue for the counts involving Philadelphia robberies on the ground that venue was not proper in Montgomery County and a motion to dismiss the Lukoil robbery counts pursuant to Pa.R.Crim.P. 600(A). The trial court held hearings on January 19, 2022 on Appellant's venue motion and a venue motion filed by Co-Defendant, Appellant's Rule 600 motion, and other pretrial motions. The trial court denied both motions for change of venue on February 11, 2022, and denied Appellant's Rule 600 motion on February 15, 2022. Trial Court Order, 2/11/22; Trial Court Order, 2/15/22.

Appellant and Co-Defendant waived their right to a jury trial and a three-day bench trial was held from March 21, 2022 to March 23, 2022. At the start of trial, the Commonwealth withdrew all of the possession of an instrument of

---

[2] **Commonwealth v. McPhail**, 692 A.2d 139 (Pa. 1997).

crime and theft charges against Appellant and Co-Defendant and withdrew one of the robbery counts against Appellant concerning a Philadelphia robbery, one of the conspiracy counts against Appellant, and one of the possession of a firearm by a prohibited person counts against Appellant. N.T. Trial, 3/21/22, at 5-6. At the close of trial, the Commonwealth withdrew one robbery count against Co-Defendant concerning a Philadelphia robbery. N.T. Trial, 3/23/22, at 170. On March 23, 2022, the trial court found Appellant guilty of nine counts of robbery for the four Montgomery County robberies and five of the Philadelphia robberies, five counts of conspiracy to commit robbery, eight counts of possession of a firearm by a prohibited person, and the carrying a firearm without a license count, and acquitted him of four of the robbery counts involving Philadelphia robberies, two of the conspiracy counts, and five of the possession of a firearm by a prohibited person counts. N.T. Trial, 3/23/22, at 187-91, 193-94. The trial court found Co-Defendant guilty of ten counts of robbery for both of the Montgomery County robberies and eight of the Philadelphia robberies, six counts of conspiracy to commit robbery, and the carrying a firearm without a license count, and acquitted him of one of the robbery counts and one of the conspiracy counts. *Id.* at 185-87, 191-93.

On June 16, 2022, the trial court imposed an aggregate sentence on Appellant of 24$^1$/$_2$ to 49 years' incarceration, consisting of consecutive sentences of 5 to 10 years for four of the robbery counts, a consecutive sentence of 4$^1$/$_2$ to 9 years for one of the possession of a firearm by a

prohibited person counts, concurrent sentences of 4 to 8 years for two of the robbery counts, concurrent sentences of 5 to 10 years for the other three robbery counts, concurrent sentences of 3 to 6 years for the conspiracy counts, concurrent sentences of $4^1/_2$ to 9 years for the other possession of a firearm by a prohibited person counts, and a concurrent sentence of 3 to 6 years for carrying a firearm without a license. N.T. Sentencing at 18-22. This timely appeal followed.

Appellant presents the following issues in this appeal:

I. Did the trial court abuse its discretion in denying the Appellant's motion to change venue that requested prosecution be transferred to Philadelphia County for all robberies and conduct charged in Philadelphia County when the robberies and conduct charged in Philadelphia County are not a single criminal episode, temporally and logically related to the four robberies charged in Montgomery County?

II. Did the trial court abuse its discretion in determining that the time for trial under Pa.R.Crim.P. Rule 600 (A) began with the filing of the re-filed complaint rather than the initial complaint upon which the charge against the Appellant was based?

III. Whether the evidence is insufficient to conclude that the Appellant committed nine counts of robbery and five counts of criminal conspiracy to [commit] robbery?

Appellant's Brief at 4 (unnecessary capitalization and suggested answers omitted). We conclude that the first two of these issues are without merit and that the third issue is waived.

Where a defendant raises a challenge to venue, the burden is on the Commonwealth to prove by a preponderance of the evidence that venue is proper in the county where the charges are to be tried. ***Commonwealth v.***

*Gross*, 101 A.3d 28, 33 (Pa. 2014); *Commonwealth v. Callen*, 198 A.3d 1149, 1158 (Pa. Super. 2018).  Our review of a trial court's ruling that venue was proper is limited to determining whether the trial court's factual findings are supported by the record and its conclusions of law are free of legal error. *Gross*, 101 A.3d at 33–34; *Commonwealth v. Witmayer*, 144 A.3d 939, 946 (Pa. Super. 2016).

As a general rule, venue in a criminal action properly belongs in the place where the crime was committed.  *Gross*, 101 A.3d at 33; *Callen*, 198 A.3d at 1157, 1160; Pa.R.Crim.P. 130(A).  An exception to this rule exists "[w]hen charges arising from the same criminal episode occur in more than one judicial district," in which case a criminal proceeding on all the charges may be brought in any of the judicial districts in which charges arising from the same criminal episode occurred.  Pa.R.Crim.P. 130(A)(3); *Callen*, 198 A.3d at 1160 (quoting Pa.R.Crim.P. 130(A)(3)); *Witmayer*, 144 A.3d at 946 (quoting Pa.R.Crim.P. 130(A)(3)).  For venue to be proper in a single county for offenses that occurred in different counties, it is a condition precedent that the offenses must constitute a single criminal episode.  *Callen*, 198 A.3d at 1160; *Witmayer*, 144 A.3d at 946.

Venue in Montgomery County would therefore not be proper with respect to the charges arising out of the Philadelphia robberies unless the Philadelphia robberies were part of the same criminal episode as at least one of the Montgomery County robberies with which Appellant was charged.

Criminal charges arise from the same criminal episode where the crimes are logically or temporally related and share common issues of law and fact. *Commonwealth v. Hude*, 458 A.2d 177, 183 (Pa. 1983); *Witmayer*, 144 A.3d at 946. To ascertain

> whether a number of statutory offenses are "logically related" to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses. The mere fact that the additional statutory offenses involve additional issues of law or fact is not sufficient to create a separate criminal episode since the logical relationship test does not require "an absolute identity of factual backgrounds."
>
> The temporal relationship between criminal acts will be a factor which frequently determines whether the acts are "logically related." However, the definition of a "single criminal episode" should not be limited to acts which are immediately connected in time. "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

*Witmayer*, 144 A.3d at 946-47 (quoting *Commonwealth v. Kohler*, 811 A.2d 1046 (Pa. Super. 2002)).

The mere fact that the crimes are similar and occurred within days or weeks of each other is not sufficient by itself to make them a single criminal episode. *Commonwealth v. Reid*, 77 A.3d 579, 586 (Pa. 2013) (separate drug transactions were not same criminal episode where different evidence was required to prove defendant's guilt in the separate cases); *Commonwealth v. Nolan*, 855 A.2d 834, 840-41 (Pa. 2004) (25 thefts of cars from dealerships over 7-month period did not constitute the same

criminal episode); ***Commonwealth v. Spotz***, 759 A.2d 1280, 1285-86 (Pa. 2000) (murder was not the same criminal episode as other murders committed over a three-day killing spree where there was additional evidence that defendant was the perpetrator that was unique to that case); ***Commonwealth v. Bracalielly***, 658 A.2d 755, 757-59, 761-62 (Pa. 1995) (multiple separate drug transactions over a period of weeks did not constitute the same criminal episode where the evidence on which defendant's guilt was based included different witnesses in the different cases).

Where, however, the proof of the defendant's guilt with respect to separate similar or temporally connected crimes is based on the credibility of the same evidence or on evidence that is substantially duplicative and intertwined, the crimes are logically related and arise from the same criminal episode. ***Hude***, 458 A.2d at 178, 181-83 (drug transactions on 20 different days over a 4-month period were same criminal episode where defendant's guilt depended on the credibility of the same witness); ***Witmayer***, 144 A.3d at 943, 946-47 (venue proper for charges of sex crimes in another county because they were same criminal episode as crimes in the county against same victim during a multi-year period where charges for crimes in both counties were based on the victim's testimony); ***Commonwealth v. Hunter***, 768 A.2d 1136, 1139-41 (Pa. Super. 2001) (venue proper for corrupt organizations charge even though corrupt organizations crime was committed in different county because it arose out of the same criminal episode as murder

in county in which case was prosecuted where activities in the crimes "were all entwined").

Here, the robberies with which Appellant was charged were all committed in a similar fashion at small commercial establishments in the same general geographic area over a less than two-month period. N.T. Trial, 3/21/22, at 84-85, 90-91, 98-99, 104-05, 122-23, 144-45, 149-50, 156, 160-61, 171, 173-74, 176, 179-80, 187-88. While the robberies in Philadelphia occurred at different commercial establishments than the Montgomery County robberies and the victims in the Philadelphia robberies were different from the Montgomery County victims, the facts concerning the robberies, most of which were captured in video recordings, were largely undisputed, and none of the victims identified Appellant, Co-Defendant, or any other person as the perpetrator. Instead, Appellant's identity as a perpetrator of the robberies was based to a substantial degree on evidence common to robberies in both counties.

Evidence that Appellant committed two of the Montgomery County robberies and two of the Philadelphia robberies included expert testimony that his DNA and Co-Defendant's DNA were found on a baseball cap and revolver that appeared in the video recordings of those robberies. N.T. Trial, 3/22/22, at 32-38; N.T. Trial, 3/21/22, at 84-86, 90-93, 98-99, 101, 122-25, 130-43. Expert testimony of a single witness concerning the location of Appellant's cell phones was introduced to prove that Appellant was the perpetrator of other

Montgomery County and Philadelphia robberies, and evidence from one of Appellant's cell phones showed that he had searched on YouTube concerning both Montgomery County and Philadelphia robberies with which he was charged. N.T. Trial, 3/23/22, at 61-74, 92-97; Commonwealth Exs. 65-71. Appellant's identity as a perpetrator of three of the Montgomery County robberies and all of the Philadelphia robberies of which Appellant was convicted was also proved by comparison of the clothing worn by a robber to items of Appellant's clothing and by comparison of the video recordings of the different robberies. N.T. Trial, 3/21/22, at 84-86, 90-93, 97-102, 113-14, 122-25, 144-46, 149-52, 156-58, 160-62, 171-72, 179-83, 193-99; N.T. Trial, 3/22/22, at 51-52.[3]

Because the robberies were similar crimes committed relatively close in time and in the same area and the Commonwealth's proof that Appellant committed the Philadelphia robberies and Montgomery County robberies was substantially duplicative and intertwined, the Philadelphia robberies arose from the same criminal episode as the Montgomery County robberies and venue for the Philadelphia robbery charges was proper in Montgomery County. Pa.R.Crim.P. 130(A)(3); **Witmayer**, 144 A.3d at 946-47; **Hunter**, 768 A.2d

---

[3] Contrary to Appellant's assertions, Appellant's Brief at 14, 29, video recordings of the robberies charged in Counts 5 and 8 were introduced at trial. N.T. Trial, 3/21/22, at 144-45, 160-61.

at 1139-41. The trial court therefore did not err in denying Appellant's venue motion.

In his second issue, Appellant asserts that the trial court erred in denying his Rule 600 motion to dismiss the charges arising out of the Lukoil robbery. Rule 600 requires that the Commonwealth bring a defendant to trial within 365 days from the date on which the criminal complaint was filed. Pa.R.Crim.P. 600(A)(2)(a); *Commonwealth v. Barbour*, 189 A.3d 944, 947 (Pa. 2018); *Commonwealth v. Dixon*, 140 A.3d 718, 722 (Pa. Super. 2016). Rule 600 provides that in determining whether the 365-day period has expired, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence" and that "[a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

If the defendant moves to dismiss charges on the ground that he was not brought to trial within the 365-day period prescribed by Rule 600, the trial court is required to conduct a hearing and determine what periods of time are to be excluded in calculating the date by which the defendant must be tried under Rule 600. Pa.R.Crim.P. 600(D)(1); *Barbour*, 189 A.3d at 947; *Dixon*, 140 A.3d at 722. If the trial court finds that the defendant was not brought to trial within Rule 600's time limit, it must dismiss the charges and discharge the defendant. *Commonwealth v. Harth*, 252 A.3d 600, 615 (Pa. 2021).

- 11 -

We review a court's denial of a Rule 600 motion to dismiss for abuse of discretion. ***Commonwealth v. Bethea***, 185 A.3d 364, 370 (Pa. Super. 2018); ***Dixon***, 140 A.3d at 723.

In this issue, Appellant challenges only his convictions arising out of the September 25, 2018 Lukoil robbery. Appellant filed no Rule 600 motion with respect to any of the counts arising out of the other robberies with which he was charged and conceded that the time period between the July 2019 charges in the instant case and his trial did not violate Rule 600. Memorandum of Law in Support of Omnibus Pre-Trial Motion at 9 n.3; N.T., 1/19/22 a.m., at 87. Rather, he contends only that Rule 600 was violated with respect to the Lukoil charges because they were the subject of earlier September 2018 criminal charges, docketed in the Montgomery County Court of Common Pleas as CP-46-CR-0000173-2019 (CR-173-2019), and that if the Rule 600 deadline is calculated from the date of those earlier charges, it expired before Appellant was brought to trial.

The trial court found that the Rule 600 deadline did not expire before Appellant's trial because it ran from the July 2019 charges, not the September 2018 charges, and that even if calculated from the September 2018 charges, it had not expired because Appellant waived his rights under Rule 600 in the September 2018 case. Trial Court Opinion at 20-25. We agree that both of these determinations are supported by the record and that the trial court did not abuse its discretion in denying Appellant's Rule 600 motion.

Where the Commonwealth dismisses and refiles charges, Rule 600's deadline runs from the first-filed charges if the Commonwealth withdrew those charges to avoid Rule 600 or the withdrawal of those charges was caused by the Commonwealth's failure to act with diligence in prosecuting those charges. *Commonwealth v. Meadius*, 870 A.2d 802, 803, 807-08 (Pa. 2005) (Rule 600 ran from first criminal complaint where Commonwealth dismissed first complaint because it had repeatedly failed to take minimal steps to secure presence of witnesses at preliminary hearing); *Commonwealth v. Surovcik*, 933 A.2d 651, 654–57 (Pa. Super. 2007) (Rule 600 ran from first criminal complaint where Commonwealth's only reason for dismissing first complaint and refiling was alleged new evidence and that new evidence was merely cumulative of evidence available to the Commonwealth when it dismissed the first complaint). Where, however, the withdrawal or dismissal of the earlier charges was not a result of intent to evade Rule 600 or lack of diligence by the Commonwealth, Rule 600's deadline runs from the later-filed charges on which the defendant is tried. *Dixon*, 140 A.3d at 724-26 (Rule 600 ran from third criminal complaint where first and second complaints were dismissed due to victim's unwillingness to testify); *Commonwealth v. Claffey*, 80 A.3d 780, 788–89 (Pa. Super. 2013) (Rule 600 ran from second criminal complaint where first complaint was dismissed due to witness unavailability beyond Commonwealth's control even though Commonwealth had not been completely diligent earlier in the proceedings on the first complaint);

- 13 -

*Commonwealth v. Johnson*, 11 A.3d 509, 512 (Pa. Super. 2010) (Rule 600 ran from second criminal complaint where Commonwealth dismissed first complaint because charges in first complaint were unsupported by the allegations on which they were based); *Commonwealth v. Bowman*, No. 352 MDA 2020, at 1-2, 18-22 (Pa. Super. January 7, 2021) (Rule 600 ran from second criminal complaint where Commonwealth dismissed first complaint because charges in first complaint omitted one of the victims) (unpublished memorandum).

Here, there is nothing in the record supporting any conclusion that the September 2018 criminal complaint was dismissed because of any failure of the Commonwealth to secure appearance of witnesses or failure to proceed with due diligence on those charges. Rather, the Commonwealth dismissed that complaint to consolidate those charges with charges arising from the other robberies that constituted the same criminal episode. Trial Court Opinion at 24-25. Seeking to prosecute related charges together does not constitute a lack of due diligence. *Commonwealth v. Jackson*, 765 A.2d 389, 395 (Pa. Super. 2000); *Commonwealth v. Jordan*, No. 1104 EDA 2020, at 19, 21 (Pa. Super. November 29, 2021) (unpublished memorandum); *Bowman*, No. 352 MDA 2020, at 1-2, 18-22. The trial court therefore correctly concluded that the Rule 600 deadline must be calculated from the July 2019 complaint and accordingly had not expired prior to Appellant's trial.

In any event, as the trial court also properly concluded, calculation from the date of the September 2018 complaint would not benefit Appellant. Periods of time as to which the defendant expressly waives his rights under Rule 600 are excluded in determining the date by which defendant must be brought to trial. Pa.R.Crim.P. 600, cmt.; ***Commonwealth v. Maddrey***, 205 A.3d 323, 327 (Pa. Super. 2019); ***Commonwealth v. Baker***, Nos. 696-697 MDA 2022, at 16-19 (Pa. Super. February 22, 2023) (unpublished memorandum); ***Commonwealth v. McDaniels***, No. 1331 EDA 2020, at 14-17 (Pa. Super. June 22, 2021) (unpublished memorandum). The record shows that Appellant on March 13, 2019 executed an express waiver of his Rule 600 rights with respect to September 2018 charges that provided:

> I understand that under Rule 600 of the Pennsylvania Rules of Criminal Procedure my trial in Montgomery County Court must begin on or before the 180th day from the filing of the Criminal Complaint if I am incarcerated. I understand that my trial must begin on or before the 365th day from filing of the Criminal Complaint if I am not incarcerated. I further understand that the charges against me may be dismissed if my trial does not commence within the time allowed under Rule 600, and that by signing this waiver I am giving up my right to be tried within the time allowed under Rule 600. I am agreeing that my time [*sic*] may begin after the Rule 600 time limit.

CR-173-2019 Rule 600 Waiver.

In his remaining issue, Appellant asserts that the evidence at trial was "insufficient to conclude that the Appellant committed nine counts of Robbery and five counts of Criminal Conspiracy to [Commit] Robbery." Appellant's Brief at 15. Appellant does not challenge the sufficiency of the proof of the

elements of the crimes and challenges only the sufficiency of the evidence to prove that he was the person or one of the persons who committed the crimes. Appellant, however, does not discuss in his brief what evidence was introduced with respect to which of the separate robberies and counts or why that evidence was insufficient to prove his identity as the perpetrator. Rather, he simply recites that none of the victims identified him as a perpetrator and makes various statements that some of the robberies did or did not have certain items of evidence but does not make any claim that there was no other evidence concerning Appellant's participation in those or other robberies. Appellant's Brief at 29.[4]

Rule 2119 of the Pennsylvania Rules of Appellate Procedure requires that a party in his brief develop meaningful argument in support of his claims with specific reference to the record and that the brief contain a synopsis of the evidence on the point at issue where the finder of fact's determination of a fact is challenged. Pa.R.A.P. 2119(a), (d); *Commonwealth v. Cannavo*, 199 A.3d 1282, 1289 (Pa. Super. 2018); *Commonwealth v. Murchinson*, 899 A.2d 1159, 1162 (Pa. Super. 2006). Where an appellant's brief fails to

---

[4] Indeed, one of the items that Appellant asserts as showing insufficiency of the evidence, whether the robbery was committed by one robber or two, are irrelevant to whether Appellant is guilty of those robberies. While the presence or absence of a second robber would be relevant to the conspiracy charges, the record shows that the five conspiracy charges of which Appellant was convicted correspond to robberies committed by two individuals acting together. N.T. Trial, 3/21/22, at 84-85, 90-91, 98-99, 149-50, 156.

develop any meaningful argument with sufficient reference to the record on an issue, we do not make the appellant's arguments for him, and the issue is waived. ***Commonwealth v. Gilbert***, 269 A.3d 601, 612 (Pa. Super. 2022); ***Cannavo***, 199 A.3d at 1289; ***Murchinson***, 899 A.2d at 1162-63. Because Appellant's brief utterly fails, with respect to any of the nine separate robberies of which he was convicted, to discuss what evidence was introduced concerning whether he was a perpetrator and fails to develop any argument that such evidence was insufficient, his challenge to the sufficiency of the evidence is waived.

As we find that neither of Appellant's first two issues merits relief and that his third issue is waived, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/25/2024